# IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

## MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
JOHN W. GOFF,                    )
                                 )
      Plaintiff,                 )
                                 )        CIVIL ACTION NO.
      v.                         )          2:04cv871-T
                                 )             (WO)
SUNBELT TITLE COMPANY,           )
et al.,                          )
                                 )
      Defendants.                )
```

### ORDER ON PRE-TRIAL HEARING

A pre-trial hearing was held in this case on July 19, 2005 at 10:15 a.m., wherein the following

proceedings were held and actions taken:

### PARTIES AND TRIAL COUNSEL:

(a)    Plaintiff John W. Goff - Thomas T. Gallion, III and Jamie A. Johnston,

Haskell, Slaughter, young & Gallion, LLC;

(b)    Defendant First American Title Insurance Company - John G. Smith, Balch

& Bingham LLP

(c)    Defendant Sunbelt Title Company

## COUNSEL APPEARING AT PRETRIAL HEARING:

(a)     Plaintiff - Jamie A. Johnston

(b)     Defendant First American Title Insurance Company - John G. Smith and David R. Boyd

(c)     Defendant Sunbelt Title Company -

## JURISDICTION AND VENUE:

The diversity jurisdiction of the Federal Courts of the United States is invoked pursuant to 28 U.S.C § 1323. Defendant First American Title Insurance Company contests the venue of this action under 28 U.S.C. § 1391(a)(1) and (2) and 28 U.S.C. § 1381 (c).

## PLEADINGS:

The following pleadings and amendments were allowed: Plaintiff's Complaint

## CONTENTIONS OF THE PARTIES:

(a)     Plaintiff's contentions - plaintiff contends that on January 27, 2003, he purchased title insurance from the defendants and hired them to search the title and prepare the necessary documents in order to sell lot 10 Park Row Lane at Watercolor, Santa Rosa Beach, Florida. At that time, plaintiff transferred title to Lot 10 to Judy B. Willis, but the defendants did not

2

confirm whether the title was clear and allowed the sale to go through.  Plaintiff alleges that the

defendants' actions constitute breach of contract, breach of warranty of title, negligence, wantonness,

and outrage.  He claims compensatory and punitive damages, attorney fees and other related costs

from the defendants.

      (b)     Defendant First American Title Insurance Company - Defendant First

American Title Insurance Company ("First American") first contends that venue is improper in this

court and this matter should be transferred to either the United States District Court for the Middle

District of Florida, Tampa Division, or the United States District Court for the Northern District

of Florida, Pensacola Division.  This defendant contends that it has not been properly named as a

defendant, that the plaintiff's complaint fails to state a claim against it upon which relief may be

granted, denies that it committed any wrongful act for which it is, or may be, liable to the plaintiff

and pleads the general issue.  This defendant further contends that there was no contract between

it and the plaintiff, that it breached no contract, that it owed no duty to the plaintiff, that it breached

no duty owed to the plaintiff, that the plaintiff can not recover any or all of the damages he claims,

given the allegations of the Complaint, that the plaintiff committed acts which caused or contributed

to the injuries and damages of which he complains and/or assumed the risk of such injuries or

damages; that the wrongs complained of were the result of the acts or omissions of persons or entities other than this defendant, the acts complained of were not of sufficient character to give rise to claim of outrage and that there has been no breach of any warranty of title.

      (c)     Defendant Sunbelt Title Company

**STIPULATIONS BY AND BETWEEN THE PARTIES:**

The parties have been unable to agree on any stipulations.

It is ORDERED that:

(1)  The jury selection and trial of this cause, which is to last three (3) days, are set for August 8, 2005, at 10:00 a.m., in Courtroom 2E, Frank M. Johnson, Jr. Courthouse Complex, One Church Street, Montgomery, Alabama;

(2)  The parties are to file their pre-trial briefs, proposed jury selection questions, and proposed jury instructions by August 3, 2005;

(3)  Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the list of his or her exhibits;

4

(4) At least three days before trial, counsel are to contact the courtroom deputy clerk about the procedures for pre-marking all trial exhibits;

(5) Each party shall have available a sufficient number of copies of each photostatically reproducible exhibit for each of the jurors, opposing counsel, the courtroom deputy clerk, the law clerk, and the judge; and

(6) All understandings, agreements, and stipulations contained in this pretrial order shall be binding on all parties unless an objection is noted and filed with the court within seven (7) days from the date of this order.

DONE, this the 1st day of August, 2005.


_____/s/ Myron H. Thompson_____
UNITED STATES DISTRICT JUDGE